UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JANAY BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>MURRAY CITY POLICE DEPARTMENT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915**<br><br>Case No. 2:24-cv-00311<br><br>Magistrate Judge Daphne A. Oberg |

Janay Brooks filed this action without an attorney and without paying the filing fee.[1] The court granted Ms. Brooks' motion to proceed without paying the filing fee and stayed the case for screening.[2] After screening her complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court invited Ms. Brooks to file an amended complaint by September 9, 2024, and noted that failure to do so could result in dismissal of this action.[3] Ms. Brooks did not file an amended complaint by the deadline in the court's order or anytime thereafter. Because Ms. Brooks' complaint fails

---

[1] (*See* Compl., Doc. No. 5; Mot. to Proceed In Forma Pauperis, Doc. No. 1.)

[2] (*See* Order Granting Mot. to Proceed In Forma Pauperis and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 4.)

[3] (*See* Mem. Decision and Order Permitting Am. Compl., Doc. No. 8.)

1

to state a plausible claim for relief, and further opportunities to amend would be futile, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, it must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5]  In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8]  But the court need not accept a plaintiff's conclusory allegations as true.[9]  "[A] plaintiff must offer specific factual allegations to support each claim."[10]

---

[4] Ms. Brooks consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the District of Utah's General Order 20-034.  (See Doc. No. 7.)

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Because Ms. Brooks proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## ANALYSIS

Ms. Brooks filed this case against the Murray City Police Department, using a form civil rights complaint.[16] She checked a box indicating she is bringing a claim under

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[16] (*See* Compl., Doc. No. 5.)

42 U.S.C. § 1983.[17]  Ms. Brooks alleges her son was "in a database listed as a missing person, unknowingly [sic] that he was kidnapped."[18]  She states her son was detained by police in a Nordstrom store, and the officers did not run his name.[19]  She alleges her son's kidnapper claimed to be his birth mother, and officers failed to verify her identity.[20]  Her son was then returned to the kidnapper's custody, and he was taken out of state and abused.[21]  Ms. Brooks seeks training for the officers and monetary support for therapy and to help rebuild her son's life.[22]

Ms. Brooks fails to state a plausible claim for relief under 42 U.S.C. § 1983.  To state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[23]  Ms. Brooks fails to allege a violation of a federal right.  The crux of Ms. Brooks' complaint is that officers failed to prevent her son's kidnapping and abuse—by failing to run his name through a missing persons database when he was detained, and by releasing him to his kidnapper.  But "[t]here is, in general, no constitutional duty of state officials to protect members of the

---

[17] (*Id.* at 3.)

[18] (*Id.* at 4.)

[19] (*Id.*)

[20] (*Id.*)

[21] (*Id.* at 4–5.)

[22] (*Id.* at 6.)

[23] *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (citation omitted).

public at large from crime."[24]  Likewise, "[t]he police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another."[25]

A constitutional duty to protect may arise where the government has a custodial or other "special relationship" with the victim.[26]  But this exception does not extend beyond the custodial setting.  In *Deshaney v. Winnebago County Department of Social Services*,[27] for example, the Supreme Court held government officials had no constitutional duty to protect a child who was released from state custody to his abusive father—despite allegations that those officials knew or should have known about the risk posed by his father.[28]  Similarly, here, the police had no constitutional duty to prevent Ms. Brooks' son from being harmed after he was released.  While distressing, the events Ms. Brooks describes in the complaint do not amount to a violation of her federal rights.

---

[24] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699–700 (9th Cir. 1988).

[25] *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994).

[26] *See Armijo v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1261 (10th Cir. 1998); *Balistreri*, 901 F.2d at 700.  In determining whether a "special relationship" exists, courts consider factors including:

> (1) whether the state created or assumed a custodial relationship toward the plaintiff; (2) whether the state affirmatively placed the plaintiff in a position of danger; (3) whether the state was aware of a specific risk of harm to the plaintiff; or (4) whether the state affirmatively committed itself to the protection of the plaintiff.

*Balistreri*, 901 F.2d at 700.

[27] 489 U.S. 189 (1989).

[28] *Id.* at 193, 197–201.

For these reasons, Ms. Brooks' complaint fails to state a claim under § 1983 and must be dismissed.[29]  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[30]  The court previously identified the deficiencies described above and permitted Ms. Brooks to amend her complaint to correct them,[31] but she failed to do so.  Therefore, further opportunities to amend would be futile, and dismissal is necessary.

## CONCLUSION

Because Ms. Brooks' complaint fails to state a plausible claim for relief, and further opportunities to amend would be futile, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 23rd day of September, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[29] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[30] *Kay*, 500 F.3d at 1217 (citation omitted).

[31] (*See* Mem. Decision and Order Permitting Am. Compl., Doc. No. 8.)